UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Deviyion Unique Barnhardt**                    **Docket No. 5:26-CR-81-1M**

**Petition for Action on Supervised Release**

COMES NOW Peter J. Yalango, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Deviyion Unique Barnhardt, who, upon an earlier plea of guilty to Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), was sentenced by the Honorable N. Carlton Tilley, Senior United States District Judge for the Middle District of North Carolina, on August 4, 2022, to the custody of the Bureau of Prisons for a term of 33 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 36 months.

Deviyion Unique Barnhardt was released from custody on December 29, 2023, at which time the term of supervised release commenced.

A revocation hearing was held before the Honorable William J. Osteen Jr., U.S. District Judge for the Middle District of North Carolina, on November 18, 2024. The defendant's term of supervised release was revoked and he was sentenced to a 12-month term of imprisonment to be followed by a 24-month term of supervised release under the same terms and conditions imposed during his original term of supervised release.

Deviyion Unique Barnhardt was released from custody on July 3, 2025, at which time the term of supervised release commenced.

Jurisdiction was transferred to the Eastern District of North Carolina and the case was assigned to Your Honor on May 19, 2026.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervised release. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. § 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, and the standard conditions, as referenced in the current standing order, and special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall abstain from the use of any alcoholic beverages, shall not associate with individuals consuming alcoholic beverages, shall not frequent business establishments whose primary product to the consumer is alcoholic beverages, and shall not use any medication containing alcohol without the permission of the probation office or a prescription from a licensed physician.

2. The defendant shall not associate with or be in the company of any Crips gang member/security threat group member. The defendant shall not frequent any locations where gangs/security threat groups congregate or meet. The defendant shall not wear, display, use, or possess any clothing or accessories which have any gang or security threat group significance.

3. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include

urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

4. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

5. The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

6. The defendant shall participate in a vocational training program as directed by the probation office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Peter J. Yalango
Peter J. Yalango
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 910-849-4536
Executed On: June 22, 2026

Deviyion Unique Barnhardt
Docket No. 5:26-CR-81-1M
Petition For Action
Page 4

## ORDER OF THE COURT

Considered and ordered this ___23ᵈ___ day of ___June___, 2026, and ordered filed and made a part of the records in the above case.

_Richard E. Myers II_
Richard E. Myers II
Chief United States District Judge